UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-8-TAV-DCP-6 |
| | ) | |
| CRYSTAL HARVEY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Defendant has proposed several grounds for the Court to reduce her sentence. Unfortunately, she has failed to establish an entitlement to relief under any of them. Accordingly, defendant's motion [Doc. 209] is **DENIED**.

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). Defendant does not demonstrate that the Court has authority to modify her sentence under any of the potential exceptions or other bases she identifies.

First, defendant asks the Court to "consider the degree to which the Ninth Circuit en banc order [in *United States v. Collazo*, 939 F.3d 944 (9th Cir. 2019)] can also apply

to [her]" [Doc. 209 p. 2].[1]  Defendant provides no indication of how she believes *Collazo* may apply to her, and the order to which she apparently refers states only that a majority of nonrecused active judges on the Ninth Circuit voted that the case and related cases be heard en banc.  *Collazo*, 939 F.3d at 945.  Thus, defendant has not shown entitlement to relief based on the cited opinion.

Second, defendant asks the Court to consider a modification or reduction of her sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines ("USSG") [Doc. 209 p. 3].  Amendment 782 became effective on November 1, 2014, U.S. Sentencing Guidelines Manual App. C, amend. 782, and defendant was sentenced on April 11, 2019 [Doc. 196].  Thus, she has already received all the benefit to which she is entitled under the changes to the guidelines wrought by Amendment 782.  Accordingly, this second proposed basis for relief also fails.

Third, defendant asks for relief under the section of the First Step Act rendering certain provisions of the Fair Sentencing Act retroactive [Doc. 209 p. 3].  Section 404 of the First Step Act provides an exception to the general rule against modifications to sentences.  § 404, 132 Stat. at 5222.  If a court imposed a sentence for a "covered offense," as defined in § 404(a), then on defendant's motion, the court "may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law

---

[1] Defendant cites an "en banc" opinion filed in *United States v. Collazo* on September 20, 2019.  The opinion the Court cites was entered on September 19, 2019, but the Court believes defendant intended to refer to the order cited by the Court because it was rendered en banc, and the docket shows that no order was filed on September 20, 2019.

111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." *Id.* § 404(b). However, a court lacks authority to entertain such a motion if the sentence was previously imposed under the Fair Sentencing Act. *Id.* § 404(c). Because defendant was sentenced in April 2019, after the December 21, 2018 effective date of the First Step Act, 132 Stat. at 5194, her sentence was imposed under the Fair Sentencing Act, and the Court may not consider her motion for a sentence reduction on this basis.

Fourth, defendant asks how *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019), applies to her [Doc. 209 p. 3]. Once again, defendant provides no indication of how *Wirsing* might apply to her case. Because *Wirsing* involved modification of a sentence under § 404 of the First Step Act, 943 F.3d at 185, and because defendant is not entitled to a reduction under § 404 as previously noted, *Wirsing* does not apply to defendant.

Finally, defendant asks the Court to appoint her counsel [Doc. 209 p. 3–4], but she has demonstrated no basis for relief from her sentence, nor provided any indication of how appointed counsel would assist her. The constitutional right to assistance of counsel does not extend to motions for post-conviction relief. *Shedwick v. Warden N. Cent. Corr. Inst.*, No. 16-3203, 2016 WL 11005052 (6th Cir. Dec. 30, 2016) ("[T]here is no right to counsel in a post-conviction action."). And, defendant has not presented any ground for appointing counsel in her case. Accordingly, the Court will **DENY** defendant's request.

In sum: defendant has demonstrated no basis for deviating from the rule of final judgments to modify or reduce her sentence. Nor has she presented good cause to appoint her counsel. Accordingly, her motion [Doc. 209] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE